IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02727-WYD-CBS

BIG O TIRES, LLC, a Nevada limited liability company, f/k/a BIG O TIRES, INC., a Colorado corporation,

    Plaintiff,

v.

T&M AUTOMOTIVE INDUSTRIES, INC., a California corporation;
TERRENCE N. TOBIN; and
MONICA F. TOBIN,

    Defendants.
_____

## ORDER ENTERING DEFAULT JUDGMENT
_____

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment against Defendants T&M Automotive Industries, Inc., Terrence N. Tobin and Monica F. Tobin, filed January 27, 2009 [#14]. A hearing on the motion was held on January 27, 2009. Upon review of the file, including the Affidavit of Harold R. Bruno In Support of Motion for Default Judgment, and the evidence presented at the hearing, and being duly advised in the premises herein, the Court hereby FINDS as follows:

    1.    Big O Tires, LLC f/k/a Big O Tires, Inc. ("Big O") and T&M Automotive Industries, Inc. ("T&M") entered into a franchise agreement in April 16, 2007 (the "Franchise Agreement"), which is attached to the Verified Complaint [#1].

    2.    Terrance N. Tobin and Monica F. Tobin guaranteed each and every covenant in the Franchise Agreement.

3. On December 15, 2008, Big O filed a Verified Complaint and Demand for Injunctive Relief asserting claims against Defendants for infringement, unfair competition, breach of contract against T&M, and breach of the guarantee against the Tobins. According to the Verified Complaint, Defendants are in default under the Franchise Agreement and have failed to cease and desist using various trademarks and trade dress owned by Big O, failed to assign and transfer to Big O its telephone number and customer list, failed to honor the non-compete agreement, failed to pay to Big O all amounts owed, and failed to return to Big O all propriety manuals.

4. This Court has jurisdiction over the subject matter pursuant to § 39 of the Trademark Act of 1946, 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 USC § 1338, as this matter involves a federal question and arises under Acts of Congress relating to trademarks and unfair competition. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state law and common law claims in this civil action.

5. Personal jurisdiction is proper in Colorado as the Defendants consented to jurisdiction in Colorado. *See* Verified Complaint at ¶7. In addition, the Defendants have transacted business in Colorado by entering into a long-term contract with a Colorado resident. *See* C.R.S. § 13-1-124(1)(a); *Burger King v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (Florida franchisor may obtain jurisdiction over a Michigan franchisee in Florida).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the Defendants consented to venue in Denver, Colorado. *See* Verified Complaint at ¶6. In addition, since personal jurisdiction is proper against T&M, venue is proper. *See* 28 U.S.C. § 1391(b)(1) and (c).

7. A Summons indicating proof of service of the Verified Complaint was served on all three Defendants on December 23, 2008. Pursuant to Fed. R. Civ. P. 12(a), Defendants were to answer or otherwise respond to the allegations in the Verified Complaint on or before January 20, 2009. To date, none of the Defendants have entered an appearance or responded to the allegations in the Verified Complaint.

8. Defendants are not infants, incompetent persons, officers or agents of the State of Colorado or in the military.

In consideration of the foregoing, and pursuant to Fed. R. Civ. P. 55(b)(2), it is hereby

ORDERED that Plaintiff Big O Tires, Inc.'s Motion for Default Judgment [#14] is **GRANTED** and the clerk shall enter default judgment against Defendants T&M Automotive Industries, Inc., Terrance N. Tobin and Monica F. Tobin, jointly and severally, in the following amounts:

    a. $37,034.72 for past due accounts receivables, royalties and advertising expenses;

    b. $1,388.04 in interest, calculated at 18% per annum, at a per diem of $18.26;

    c. $4,036.00 in attorneys' fees, pursuant to section 27.02 of the Franchise Agreement and pursuant to the terms of the Personal Guaranties executed by Terrance N. Tobin and Monica F. Tobin;

    d. $832.93 in costs, pursuant to section 27.02 of the Franchise Agreement, and pursuant to the terms of the Personal Guaranties executed by Terrance N. Tobin and Monica F. Tobin;

For a total of $43,291.69, which shall accumulate at 18% per annum from the date of this Order until such judgment is satisfied in full.

Dated: February 2, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge