IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02727-WYD-CBS

BIG O TIRES, LLC, a Nevada limited liability company, f/k/a BIG O TIRES, INC., a Colorado corporation,

    Plaintiff,

v.

T&M AUTOMOTIVE INDUSTRIES, INC., a California corporation;
TERRENCE N. TOBIN; and
MONICA F. TOBIN,

    Defendants.

---

**ORDER AND PERMANENT INJUNCTION BASED ON DEFAULT JUDGMENT**

---

THIS MATTER is before the Court on Plaintiff Big O Tires, Inc.'s Motion for Preliminary Injunction, filed December 15, 2008, [#2]. A hearing on this Motion, as well as Big O Tires, Inc.'s Motion for Default Judgment was held on January 27, 2009. For the reasons stated on record at the hearing and in this Order, Plaintiff's Motion for Preliminary Injunction is **GRANTED**. Contemporaneous herewith, I have entered an Order for Default Judgment against all Defendants based on their failure to file a pleading or otherwise defend the allegations set forth in the Verified Complaint and Demand for Injunctive Relief.

According to the allegations in the Verified Complaint and Demand for Injunctive Relief, as of April 16, 2007, Big O Tires, Inc. ("Big O"), a franchisor of retail tire and

automotive stores, entered into a franchise agreement (the "Franchise Agreement") with T&M to use Big O's US Patent and Trademark registrations (the "Marks") for the ten-year term of the Agreement. T&M, in turn, assumed operations of an existing Big O franchise in el Toro California. The Agreement was guaranteed by defendants, Terrence and Monica Tobin (the "Guarantors"). On October 29, 2008, T&M and the Guarantors were sent notice that they were in default for failure to pay for product ordered from Big O, for failure to pay royalties, for failure to contribute to the national advertising fund, and for failure to pay to the local advertising fund. By virtue of the October 29, 2008, letter and Section 19 of the Franchise Agreement, T&M was given five days to cure its monetary defaults under the Franchise Agreement. T&M did not cure any of its defaults under the Franchise Agreement at anytime and was advised by letter dated November 7, 2008, that it must, among other things, cease and desist using the Marks and Trade dress, assign and transfer to Big O its telephone number and customer list, honor its non-compete, pay to Big O all amounts owed and return to Big O all proprietary manuals. To date, T&M has not complied with these demands. According to the Verified Complaint, T&M is continuing to use the Marks, intentionally displaying the Marks and Trade Dress throughout its business, continuing to use the Big O channel lettering for the word "TIRES" on its building signage, using Big O point of purchase materials and continuing to use Big O invoices.

Plaintiff asserts the following claims against Defendants: 1) Infringement Under the Statutory Law of the United States against all Defendants; 2) Unfair Competition Under the Statutory Law of the United States and Under the Common Law against all

Defendants; 3) Breach of Contract against T&M; and 4) Breach of the Guarantee against the Tobins.

The Summonses returned to the Court on January 19, 2009 [#s 11-13] indicate that on December 23, 2008, Defendants were served with the Verified Complaint, Motion for Preliminary Injunction, and this Court's Order setting a hearing on the Motion for Preliminary Injunction and Ordering Defendants to file a response within 10 business days of service. To date, Defendants have not entered an appearance in this matter, filed a responsive pleading, or responded to the Motion for Preliminary Injunction. By virtue of Defendants' failure to answer or otherwise respond to the allegations made in the Verified Complaint, they have admitted the factual allegations contained in the Verified Complaint. *See Burlington Northern R.R. Co. V. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996).

In consideration of the Motion for Preliminary Injunction and the exhibits attached thereto, the testimony of Jim Bull, Divisional Vice President of Big O, and the file herein, the Court makes the following findings of fact and conclusions of law:

1. Big O Tires, LLC f/k/a Big O Tires, Inc. ("Big O") and T&M Automotive Industries, Inc. ("T&M") entered into a franchise agreement in April of 2007 ("Franchise Agreement").

2. Terrence and Monica Tobin guaranteed each and every covenant in the Franchise Agreement.

3. Big O owns the following service and trademarks (collectively the "Marks"):

a) BIG O, Registration Number 994,466, registered October 1, 1974;

b) BIG O TIRES and design, Registration Number 1,611,160, registered August 28, 1990;

c) BIG O TIRES and design, Registration Number 2,834,058, registered April 20, 2004;

d) BIG O TIRES and design, Registration Number 2,821,053, registered March 9, 2004;

e) WWW.BIGOTIRES.COM, Registration Number 2,514,975, registered December 4, 2001;

f) A REPUTATION YOU CAN RIDE ON, Registration Number 1,845,544, registered February 22, 1993; and

g) BIG FOOT 60, Registration Number 1,102,058, registered September 12, 1978.

4. Big O also has a trade dress that consists of the overall layout of the franchised locations including decorative maroon, black and white stripes, a red and white interior and various point of purchase materials and displays (collectively the "Trade Dress") that its franchisees use.

5. By virtue of the Franchise Agreement, Big O licensed T&M to, among other things, use the Marks and Trade Dress.

6. On November 7, 2008, Big O terminated the franchise rights of T&M for uncured monetary defaults and accordingly T&M's license to use the Marks. Nevertheless, T&M continued to use the Marks and Trade Dress.

7. Based on the foregoing, entry of a permanent injunction enjoining Defendants shall enter as follows:

    a. Pursuant to 15 U.S.C. § 1116, Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with T&M who receive actual notice of this order by personal service or otherwise are permanently enjoined from engaging in the following acts in California and the United States or in foreign commerce:

        i. Using the Marks and Trade Dress in the advertising or sale of tires and automotive services;

        ii. Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or suggest the Marks or Trade Dress;

        iii. Otherwise infringing the Marks or Trade Dress;

        iv. Unfairly competing with Big O, diluting the distinctiveness of Big O's well known Marks and Trade Dress and otherwise injuring Big O's business reputation in any manner;

        v. Publishing any telephone listings using the Marks and any other name containing words confusingly similar with the Marks.

    b. Pursuant to 15 U.S.C. § 1116 and applicable contractual provision in the Franchise Agreement, Defendants are required to assign Big O T&M's business telephone numbers; and

c. Pursuant to 15 U.S.C. § 1118, Defendants are directed to deliver to Big O all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of Defendants, that use the Marks or Trade Dress;

d. Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of this order by personal service or otherwise are permanently enjoined from directly or indirectly engaging in any business, which offers or sells tires, wheels, shock absorbers automotive services, or other products and services that compete with Big O within a 10 mile radius of 23081 Orange Avenue, El Toro, California 92630 or within a ten mile radius of any other Big O store which was operational or under construction on the termination date.

e. Defendants are required to return to Big O all manuals and proprietary materials of Big O and to provide Big O with T&M's customer list.

8. Pursuant to Article 27.01 of the Agreement, Big O is not required to post any bond.

February 2, 2009

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE